When this question was before us, upon the bill, answer and exhibits, on the motion to dissolve the injunction, we were of opinion that the equity of the bill was fully and fairly met by the answer, and that the exhibits, viz: the note and the written agreement that "Samuel A. Llye would receive the money as Clayton collected it from the County of Lumpkin, Georgia, provided due diligence was used, etc.," tended to repel the plaintiff's equity.
The case was continued over as an original bill, upon replication to the answer, and is now before us upon the bill, answer, exhibits and proofs taken. So the question is, does the evidence alter the case?
The depositions of George Clayton, B. Smith and L. Sawyer, although they do not prove a co-partnership in its legal and technical sense, prove clearly that the bids were made and the work was done — Clayton doing the wood — work and Lyle the brick-work — upon an understanding that although, for certain reasons which it is not necessary to set out, the contract was taken in the name of Clayton, and at his bid, and Lyle signed the bond as his surety, yet in point of fact, although not partners, they were jointly concerned in the contract, (193) in this way: Clayton was to do the wood-work at certain prices; Lyle was to do the brick-work at certain prices agreed on between them, as the basis upon which Clayton was to put in a bid, and, if he got the contract, he and Lyle were to be jointly concerned in doing the work at the prices previously agreed on, and were to look to *Page 161 
the County of Lumpkin for their pay; so that if the County failed to pay, or there was any delay and difficulty in making the collections, the inconvenience and the ultimate loss, if any, were to be shared equally between them; because in this, as in many other building contracts, they found it to their mutual advantage to be jointly concerned.
The note, on which judgment at Law has been rendered, with the explanation given by the testimony of the witnesses, and the light thrown on the case by the other evidence and the conduct of the parties, (for instance, the fact that Lyle was on his way to Georgia, in the journey upon which he died, on purpose, as he told Sawyer, to try and collect a claim in which he and Clayton were jointly interested) was, therefore, in fact and substance, nothing more than a written memorandum, as is charged in the bill, for the purpose of showing how the balance stood at that time between the parties; and the agreement, that Lyle was not to be paid until Clayton got the money from the County of Lumpkin, was made, to show that the note was not to be taken as strongly as its words might import.
Upon full consideration of the pleadings, exhibits and proofs, we are satisfied that the parties were jointly interested in the contract, and if there is to be any loss ultimately, from the repudiation or refusal of the County of Lumpkin to raise the necessary amount by taxes, or otherwise, the loss should be equally divided between them, for the parties have furnished no mode of ascertaining the relative value of the "wood and the brick-work," and the testimony shows there is but little difference.
Upon the plaintiff's assigning to the defendant one-half of the claims which remain unpaid and unsatisfied, with power to use his name in the collection of the same, etc., he is entitled to a credit for (194) that amount upon the judgment, or to a decree to recover the same if it has been paid on the judgment. To fix the amount, if desired, a reference will be made to the Clerk.
No decree for costs on either side.
Per curiam.
Decree accordingly. *Page 162